# No. 21-10708

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD EUGENE ROBINSON,

Defendant-Appellant.

On Appeal from the United States District Court
Northern District of Texas, Dallas Division
No. 4:19-CR-00352-P-2

**REPLY BRIEF FOR APPELLANT**

DELONIA A. WATSON
Attorney at Law
Law Office of Delonia A. Watson, PLLC
Texas Bar Number 20937500
P. O. Box 24215
Fort Worth, Texas 76124-1215
Telephone: (817) 809-6640
Facsimile: (817) 446-5646
Email: dawatsonlaw@yahoo.com

Attorney for Edward Eugene Robinson,
Appellant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE REPLY ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **REPLY ISSUE TWO RESTATED** . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                           **Page(s)**

*Johnson v. United States,* 520 U.S. 461 (1997) .................... 5

*Molina-Martinez v. United States,* 136 S. Ct. 1338 (2016) ............. 5

*Richardson v. United States,* 526 U.S. 813 (1999) ................... 7

*Stromberg v. California,* 283 U.S. 359 (1931) ...................... 8

*United States v. Davis,* 588 U. S. \_\_\_, 139 S. Ct. 2319 (2019) .......... 2

*United States v. Dominguez Benitez,* 542 U.S. 74 (2004) .............. 5

*United States v. Escalante-Reyes,* 689 F.3d 415 (5th Cir. 2012) (en banc) . 5

*United States v. Hornyak,* 805 F.3d 196 (5th Cir. 2015) ............... 8

*United States v. Jones,* 935 F.3d 266 (5th Cir. 2019) ............ 3, 6, 8

*United States v. Resendiz-Ponce,* 549 U. S. 102 (2007) ................ 7

*United States v. Smith,* 957 F.3d 590 (5th Cir. 2020) ................. 5

*United States v. Taylor,* 142 S. Ct. 2015 (2022) ................. passim

*United States v. Taylor,* 141 S. Ct. 2882 (2021) ..................... 2

*United States v. Williams,* 343 F.3d 423 (5th Cir. 2003) .............. 3

**Federal Statutes and Rules**

18 U.S.C. § 924(c) ............................................ passim

18 U.S.C. § 924(c)(1)(A)(ii) ...................................... 3

18 U.S.C. § 924(c)(3)(A) ......................................... 2

18 U.S.C. § 924(c)(3)(A-B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1951(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statement of the Reply Issue**

**REPLY ISSUE TWO:** Whether Mr. Robinson's convictions on Count Three and Five should be vacated under the plain error standard, and the case remanded to the district court for resentencing, based on the Supreme Court's holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that an attempted Hobbs Act robbery is not a predicate crime of violence for purposes of   924(c).

**Argument**

> REPLY ISSUE TWO RESTATED:  Mr. Robinson's convictions on Count Three and Five should be vacated under the plain error standard, and the case remanded to the district court for resentencing, based on the Supreme Court's holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that an attempted Hobbs Act robbery is not a predicate crime of violence for purposes of 18 U.S.C. § 924(c).

In his opening brief, despite Fifth Circuit caselaw holding otherwise, Mr. Robinson preserved for future review the question of whether his convictions for violations of 18 U.S.C. § 924(c) were invalid because they were based, in part, on attempted Hobbs Act robberies that he contended did not meet the definition of "crime of violence" (COV) for purposes of section 924(c).  *See* Opening Br. 18-19, 25-27.  Mr. Robinson posited preservation on a case then pending in the Supreme Court in which the Court had granted certiorari on the question of "whether 18 U.S.C. 924(c)

(3)(A)'s definition of 'crime of violence' excludes attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951(a)." *See* Opening Br. 23. *United States v. Taylor*, 141 S. Ct. 2882 (2021).

In *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022), the Supreme Court held that the crime of attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c), specifically 18 U.S.C. § 924(c)(3)(A).  The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component.  18 U.S.C. § 1951(a).  Section 924(c) authorizes enhanced punishments for those who use a firearm in connection with a "crime of violence" as defined in either section 924(c)(3)(A) (the elements clause) or section 924(c)(3)(B) (the residual clause).  Under section 924(c)(3), a crime of violence is an offense that is a felony and either (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  18 U.S.C. § 924(c)(3)(A-B).  Section 924(c)(3)(B)'s residual clause was held by the Supreme Court to be unconstitutionally vague.  *United States v. Davis*, 588 U. S. \_\_\_, 139 S. Ct. 2319 (2019).  After the Supreme Court's decision in

*Taylor*, an attempted Hobbs Act robbery does not qualify as a crime of violence because it likewise does not require proof that a defendant used, attempted to use, or threatened to use force as required by the elements clause. *Taylor*, 142 S. Ct. at 2021.

Because Mr. Robinson did not object below, review is for plain error. *United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003). "Plain error review consists of four prongs: (1) there must be an error; (2) the error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings'; and (4) the court must decide in its discretion to correct the error because it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (internal quotation marks and citations omitted).

Mr. Robinson was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) in Counts Three and Five of the first superseding indictment. Both counts charged that he did knowingly and intentionally unlawfully obstruct, delay, and affect commerce, and *attempt to unlawfully obstruct, delay, and affect commerce*. (ROA.112, 114.) (Emphasis added.) The court instructed the

jurors that "Title 18, United States Code, Section 1951(a), makes it a crime for anyone to obstruct, delay, or affect commerce by robbery. Robbery means the unlawful taking or obtaining of or attempting or conspiring to unlawfully take or obtain personal property from the person or in the presence of another, against her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to her person or property in her custody or possession." (ROA.486.) The court further instructed the jury that

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First: That the defendant unlawfully obtained *or attempted to obtain personal property from a person or in her presence, against her will*;
>
> Second: That the defendant did so by means of actual or threatened force, or violence, or fear of injury, immediate or future, to her person or property in her custody or possession; and
>
> Third: That the defendant's conduct in any way or degree obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce.

(ROA.486.) (Emphasis added.)

As a result of the Supreme Court's decision in *Taylor*, Mr. Robinson meets the first two prongs of plain error. The *Taylor* decision makes clear that there was error. The instructions here permitted the jury to find that

he was guilty of attempted Hobbs Act robbery, which is an invalid predicate for a conviction under section 924(c).  Moreover, the second prong is also satisfied — the error is plain because Mr. Robinson raised it on appeal, despite it being settled law in this Circuit that an attempted Hobbs Act robbery was a crime of violence for purposes of section 924(c).¹
*See Johnson v. United States,* 520 U.S. 461, 468 (1997) ("where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration"); *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) ("[T]he 'plainness' of the error should be judged by the law at the time of appeal.")

To establish that an error affected his substantial rights as required under the third prong, Mr. Robinson must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343(2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).  Although acknowledging that Mr. Robinson's claim "is no longer foreclosed," *see* Gov't Br. 12, the government argues that Mr. Robinson

---

¹  *See United States v. Smith*, 957 F.3d 590, 595 (5th Cir. 2020) ("[w]hen a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence").

cannot meet the burden of showing that error affected his substantial rights because "there can be no dispute that Robinson was convicted of — and his Section 924(c) counts predicated on — completed robberies (not attempts)." *Id.* The government's argument glosses over several salient points.

First, in looking to whether an error affected a defendant's substantial rights, the Court looks to more than the evidence presented below. *See, e.g., United States v. Jones*, 935 F.3d 266, 273-274 (5th Cir. 2019) (Court reviewed the indictment, the government's opening statement and closing argument, verdict form, and evidence in finding that the defendant's substantial rights were affected where the predicate COV was invalid). Here, the indictment alleged both a substantive Hobbs Act robbery and an attempted Hobbs Act robbery. Second, the jury instructions here permitted conviction on Counts Three and Five for a substantive Hobbs Act robbery and an attempted Hobbs Act robbery where both convictions would rest on the same facts, but it is not clear on which offense the jury relied, *or that the jury even knew that the two offenses were distinct.*

To prove an attempted Hobbs Act robbery the government must establish two elements: (1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he

completed a "substantial step" toward that end. *Taylor*, 142 S. Ct. at 2017 (citing *United States v. Resendiz-Ponce*, 549 U. S. 102, 107 (2007)).

The jury instructions did not include specific instructions going to what was required to prove an attempted Hobbs Act Robbery. Thus, the jury was not provided with any way to differentiate between the substantive offense and the attempt, *or any need to differentiate between the two*. To say that the evidence only showed "completed robberies" does not address the question of what the jurors thought they were agreeing on when they reached the verdict where they were being asked to convict for either the substantive offense or the attempted offense rolled up in one. This situation was especially egregious because for jurors, the substantive offense and the attempted offense would sound similar to their minds so it would be unclear to which they were agreeing. Given these jury instructions, it would not even be clear to the jurors that they needed to be unanimous as to the offense for which they were convicting Mr. Robinson.

And, because the verdict form likewise did not require the jury to specify which predicate offense or offenses it relied upon in convicting Mr. Robinson on Counts Three and Five, ROA.493-94, it cannot be said upon which they relied. *See Richardson v. United States*, 526 U.S. 813, 817 (1999) (Sixth Amendment requires unanimity as to the elements of the

offense); *Stromberg v. California*, 283 U.S. 359, 367-368 (1931) ("The verdict against the appellant was a general one. It did not specify the ground upon which it rested. As there were three purposes set forth in the statute, and the jury were instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. ").

Given the jury instructions and the verdict form, it was not clear to the jury what offenses they were deliberating and could have been convinced that Mr. Robinson was guilty of at least attempted Hobbs Act robbery, which is an invalid COV. He thus has established that his rights were substantially affected by the improper jury instructions and the verdict form.

As for prong four of plain error review, the failure to remedy a sentencing error of this size would be manifestly unfair. Mr. Robinson's sentence was increased by a total of 168 months for the two convictions under section 924(c). As this Court explained in *Jones*, declining to correct such an egregious error would "cast significant doubt on the fairness of the criminal justice system." 935 F.3d at 271; *see also United States v. Hornyak*, 805 F.3d 196, 199 (5th Cir. 2015) (holding that prong four was satisfied where appellant would be kept in prison for an additional sixty-

eight months "because of a clause in a statute declared unconstitutionally void during his direct appeal").

CONCLUSION

For these reasons, and for the reasons stated in Mr. Robinson's opening brief, Mr. Robinson asks that his convictions and sentence be vacated.

Respectfully Submitted,

/s/ *Delonia A. Watson*
DELONIA A. WATSON
Attorney at Law
Law Office of Delonia A. Watson, PLLC
Texas State Bar Number  20937500
P.O. Box 24215
Fort Worth, Texas  76124-1215
Telephone:  (817) 809-6640
Facsimile:  (817) 446-5646
Email:  **dawatsonlaw@yahoo.com**

Attorney for Edward Eugene Robinson

# CERTIFICATE OF SERVICE

I, Delonia A. Watson, hereby certify that on this the 1st day of September, 2022, the reply brief was served via ECF email to counsel for the Respondent, Assistant U.S. Attorney Stephen S. Gilstrap at stephen.gilstrap@usdoj.gov. I further certify that: (1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of Norton Security 8.6.6. and is free of viruses.

I further certify that a paper copy of the reply brief was sent to

    Mr. Edward Eugene Robinson, #24232-112
    USP Atwater
    U.S. Penitentiary
    P. O. Box 019001
    Atwater, California 95301,

on September 1, 2022.

                    /s/ *Delonia A. Watson*
                    Attorney for Appellant

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned certifies this reply brief complies with the type-volume limitation announced in Rule 32(a)(7)(B)(ii), because it contains 1,978 words, excluding the parts of the brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) the Federal Rules of Appellate Procedure because it has been prepared in a proportionally-spaced typeface using Pages, Version 11.1 (7031.0.102), in 14-point Georgia font in the body of the brief and a 12-point font in the footnotes.

Undersigned counsel understands a material misrepresentation in completing this certificate, or circumvention of the length limitations in Rule 32(a)(7), may result in the Court striking the brief and imposing sanctions against the person signing the brief.

                                                /s/ *Delonia A. Watson*
                                                Attorney for Appellant
                                                Dated: September 1, 2022